*v.* Brush, 128 Id. 529; People *v.* Driscoll, 107 Id. 417; People *v.* Cignarale, 110 Id. 23; People *v.* Lyons, Id. 618; People *v.* Stone, 117 Id. 480; People *v.* Loppy, *post.*

HANNAH COHEN *et al.*, as Administrators, etc., Respondents, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

*Court of Appeals, June 16, 1891.*

*Appeal. Damages for delay.*—Where the law of a case is settled upon a prior appeal to the court of appeals, and, though, after the second trial, there is no just ground for further contention on the part of the appellant, he again appeals to said court, a proper case arises for the allowance of ten per cent. upon the recovery as damages for delay.

Appeal from judgment of the supreme court, general term, first department, affirming judgment for plaintiffs, entered on verdict of jury.

*D. J. Dean*, for appellant.

*Francis B. Chedsey*, for respondents.

EARL, J.—This action was brought to recover damages for the death of plaintiffs' intestate, caused by negligence attributable to the defendant. The intestate was the husband of the plaintiff, Hannah Cohen, and the father of her five small children, all of whom were dependent upon him for their support.

The action has been tried three times. The first trial resulted in a verdict in favor of the plaintiffs for $5,000. The judgment entered upon that verdict was, upon appeal to the general term, reversed, and a new trial was ordered. 33 Hun, 404. The second trial resulted in a judgment entered upon a verdict directed by the court in favor of the defendant, which was affirmed at general term, 43 Hun, 345; 6 N. Y. State Rep. 532, but was upon appeal to this court reversed, and a new trial was ordered. 113 N. Y. 532; 23 N. Y. State Rep. 509. The third trial resulted in a verdict

in favor of the plaintiffs for $4,583.33, and from the judgment entered upon that verdict the defendant appealed to the general term, and from affirmance there to this court.

The record discloses no ground whatever for this appeal. It contains but one exception, and that is to the ruling of the court allowing the plaintiffs to prove the age of the oldest child of the intestate, and that exception is not noticed or relied upon in the brief submitted on behalf of the appellant. The judge, in his charge to the jury, stated : " It is conceded by the defendant in this case that there is no question at all involved here of fact for you to determine. It is very plain upon the testimony that the plaintiff is entitled to recover ; that is not controverted by the city. The only question, therefore, for you to determine is how much you will award to her." These remarks were not controverted or objected to on the part of the defendant. The trial judge submitted the question of damages to the jury in a manner entirely satisfactory to the defendant, and of which its counsel made no complaint at the time.

The law of this case was settled upon the prior appeal to this court, and after the last trial there was no just ground for further contention on the part of the defendant. This is, therefore, a proper case for giving effect to the last clause of § 3251 of the Code, which provides, " Where a judgment is affirmed by the court of appeals, the court may, in its discretion, also award damages by way of costs for the delay, not exceeding ten per centum upon the amount of the judgment; or where it was rendered upon an appeal upon the amount of the original judgment."

Therefore, the judgment should be affirmed, with costs, and ten per cent. upon the amount of the judgment at the trial term as damages for delay.

All concur, except FINCH, J., absent.

NOTE.

See further on this point, Tisdale *v*. President, etc., 116 N. Y. 416; Jackson *v*. Rochester, 124 Id. 624.